UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN MARSHALL,

                        Plaintiff,           ECF CASE:

                                                   **13 CIV 8849**

      -against-                        **COMPLAINT**

THE CITY OF NEW YORK, P.O. ESAVIA NORMAN,    **JURY TRIAL DEMANDED**
P.O. VASQUEZ and PO JOHN DOE (said name being
fictitious and unknown),

                        Defendants.
------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

**JURISDICTION**

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendant Police Officer, ESAVIA NORMAN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW

YORK. Defendant P.O. ESAVIA NORMAN was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

9. Defendant Police Officer, VASQUEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant P.O. VASQUEZ was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

10. Defendant Police Officer, JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant P.O., JOHN DOE was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duties.

## NOTICE OF CLAIM

11. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

12. That a 50-h hearing was not taken of plaintiff.

13. This action is being commenced within (1)one year and (90) ninety days from the date of the incident herein.

## STATEMENT OF RELEVANT FACTS

14. On December 29, 2012, at approximately 2:30 a.m., plaintiff was a lawful tenant entering his apartment located at 530 East 137th Street, Apt 8A, Bronx, New York.

15. The incident occurred when plaintiff entered his apartment and was followed in by three police officers, PO Esavia Norman, PO Vazquez and another unidentified officer. Plaintiff's girlfriend tried to close the door but the officers forced the door open. Plaintiff was seated on the couch when the officers grabbed him and said to get up. The officers started beating and punching him in the back of the head, ribs and back. The officers mased him. They then grabbed him and continued to beat him. As they were bringing him out to the detective car, the officers slammed him against the wall and cuffed him. They did not read his rights. While in the car, the officers continued to beat him up. Plaintiff was taken to the PSA7 precinct and then to Central Booking.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

16. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17. By their conduct and actions in causing the arrest and imprisonment of plaintiff, and in arresting, fingerprinting and imprisoning plaintiff, by violating the arrestee's Fourteenth Amendment rights to equal protection, by using excessive force, by causing personal injury, by detaining plaintiff for an excessive amount of time, by detaining plaintiff under cruel and inhumane conditions, and by maliciously prosecuting plaintiff, defendant Police Officers acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

19. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest and fingerprinting of the plaintiff; (c) the unreasonably long detention of plaintiff; (d) the infliction of pain and suffering upon plaintiff, including the use of excessive force, keeping plaintiff in handcuffs for extended periods of time, and other means of inflicting pain and discomfort. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### FALSE ARREST AND FALSE IMPRISONMENT

22. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused him to be falsely arrested, fingerprinted and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM
### ASSAULT AND BATTERY

25. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. By the actions described above, defendants committed an assault upon the plaintiff by masing him and beating him without cause. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses,

and was otherwise damaged and injured.

## FIFTH CLAIM
## MALICIOUS PROSECUTION

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## NEGLIGENCE

31. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

33. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages in the amount of $10,000,000.00;

b. Punitive Damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre and post-judgment costs, interest and attorneys' fees;

e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
      November 31, 2013

      Yours etc.,

**ISAACSON, SCHIOWITZ & KORSON, LLP.,**
Attorneys for Plaintiff

By: _____
JEREMY SCHIOWITZ, ESQ. (JS 5939)
150 Broadway - Suite 1600
New York, New York 10038
Tel. No.: (212) 267-6557

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       November 31  2013

_____
JEREMY SCHIOWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X          ECF Case:
KEVIN MARSHALL,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. ESAVIA NORMAN,
P.O. VASQUEZ and PO JOHN DOE (said name being
fictitious and unknown),

                                Defendants.
-----------------------------------------------------------------X

# COMPLAINT

ISAACSON, SCHIOWITZ & KORSON, LLP
Attorneys for Plaintiff
150 Broadway, Suite 1600
New York, NY 10038-4494
Tel No. 212-267-6557
Fax No. 212-240-0365

AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| KEVIN MARSHALL | ) | 13 CIV 8849 |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| THE CITY OF NEW YORK, PO ESAVIA NORMAN, PO VASQUEZ AND PO JOHN DOE, (said name being | ) ) ) | |
| *Defendant* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* PO ESAVIA NORMAN
PSA7 PRECINCT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: ISAACSON, SCHIOWITZ & KORSON, LLP
150 BROADWAY, 16TH FL
NEW YORK, NEW YORK 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

M. Santiago

Date: DEC 1 3 2013

*Signature of Clerk or Deputy Clerk*

JUDGE BUCHWALD

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York ▼

| | |
|---|---|
| KEVIN MARSHALL <br><br> *Plaintiff* <br> v. <br> THE CITY OF NEW YORK, PO ESAVIA NORMAN, PO VASQUEZ AND PO JOHN DOE, (said name being <br> *Defendant* | ) ) ) ) ) ) ) ) ) **13 CIV 8849** <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* PO VASQUEZ
PSA7 PRECINCT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: ISAACSON, SCHIOWITZ & KORSON, LLP
150 BROADWAY, 16TH FL
NEW YORK, NEW YORK 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: DEC 1 3 2013   _M Santiago_

*Signature of Clerk or Deputy Clerk*

JUDGE BUCHWALD

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
для
Southern District of New York ▼

**13 CIV 8849**

| | |
|---|---|
| KEVIN MARSHALL <br><br> *Plaintiff* <br><br> v. <br> THE CITY OF NEW YORK, PO ESAVIA NORMAN, PO VASQUEZ AND PO JOHN DOE, (said name being <br> *Defendant* | ) ) ) ) ) ) ) ) )  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* THE CITY OF NEW YORK
CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NEW YORK 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: ISAACSON, SCHIOWITZ & KORSON, LLP
150 BROADWAY, 16TH FL
NEW YORK, NEW YORK 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: DEC 1 3 2013

M Santiago
*Signature of Clerk or Deputy Clerk*